Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIE R. SMITH,<br><br>*Plaintiff,*<br><br>v.<br><br>ZIMMER US, INC., et al.,<br><br>*Defendants.* | Civil Action No. 19-cv-06863<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the motion to dismiss filed by Defendants Zimmer US, Inc.; Zimmer Inc.; Zimmer Biomet Holdings, Inc. (formerly known as Zimmer Holdings, Inc.); and Zimmer Surgical Products, Inc. (formerly known as Zimmer Orthopaedic Surgical Products, Inc.) (collectively, the "Zimmer Defendants"). D.E. 13. Plaintiff Smith did not oppose the motion. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED.**

## I. BACKGROUND[1] AND PROCEDURAL HISTORY

Jamie Smith is a resident of the State of New York. Compl. ¶ 1, D.E. 1. She[2] underwent surgery to replace an orthopedic device in her knee on August 1, 2016. *Id.* ¶ 45. The replacement device contained a component (the "Zimmer Component") manufactured by the Zimmer Defendants. *Id.* ¶¶ 36, 45. The Zimmer Defendants are incorporated in Delaware and each has their principal place of business in either Indiana or Ohio. *Id.* ¶¶ 2-5; Def. Br. at 2, D.E. 13-1. The Zimmer Defendants voluntarily recalled the Zimmer Component on January 28, 2015 due to concerns that it was not functioning properly. Comp. ¶¶ 38, 40. Smith then underwent a second knee surgery on February 26, 2016. *Id.* ¶ 46. Subsequently, the Food and Drug Administration ("FDA") recalled the Zimmer Component. *Id.* ¶ 47. Smith suffered both economic and physical injuries as a result of the knee device implantation, in part due to the Zimmer Component. *See id.* ¶¶ 52-56.

Smith brought suit against the Zimmer Defendants, among others, asserting claims for products liability, negligence, misrepresentation, and breach of warranty. Compl., D.E. 1. The Zimmer Defendants moved to dismiss the Complaint as to them for lack of personal jurisdiction. D.E. 13.

---

[1] The factual background is taken from Plaintiff's Complaint and the Zimmer Defendants' brief in support of their motion to dismiss. *See Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) ("In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true. But once a defendant has raised a jurisdictional defect, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." (internal citations omitted)).

[2] Smith's Complaint uses the pronouns "he" and "she" to describe Smith. The Court will refer to Smith as "she," which is how the Zimmer Defendants refer to Plaintiff in their brief.

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a case for lack of personal jurisdiction. In such a motion, the plaintiff bears the burden of demonstrating "sufficient facts to establish that jurisdiction is proper." *Mellon Bank PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). In reviewing a motion to dismiss for lack of personal jurisdiction, a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). But when a defendant raises a jurisdictional defense, "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

A federal court must have both statutory and constitutional authority to assert personal jurisdiction over an out-of-state defendant. *IMO Indus. Inc. v. Kiekert*, 155 F.3d 254, 259 (3d Cir. 1998). This two-step inquiry first looks to the forum state's long-arm statute, then to the Due Process Clause of the Fourteenth Amendment to determine if the exercise of jurisdiction is permitted. *Id.* In New Jersey, however, the two steps are collapsed into a single inquiry because the New Jersey long-arm statute allows for the "exercise [of] jurisdiction over a non-resident defendant to the uttermost limits permitted by the United States Constitution." *Nicastro v. J. McIntyre Mach. Am., Ltd.*, 201 N.J. 48, 72 (2010) (internal quotation marks omitted); *rev'd on other grounds*, 564 U.S. 873 (2011). Therefore, for a court to exercise personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

3

## III. ANALYSIS

Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists if a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

In the present case, the Court lacks general jurisdiction over the Zimmer Defendants as none are incorporated in New Jersey nor have their principal place of business in this state. Rather, the Zimmer Defendants are all incorporated pursuant to Delaware law. Further, the principal places of business for Zimmer US, Inc.; Zimmer, Inc.; and Zimmer Biomet Holdings, Inc. is Indiana, while Zimmer Surgical Products, Inc.'s principal place of business in Ohio.[3] Finally, this does not appear to be an "exceptional case" that may otherwise warrant the exercise of general jurisdiction.

Specific jurisdiction may exist "if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 473. In light of Supreme Court precedent, the Third Circuit developed a three-part test to determine whether specific personal jurisdiction may be

---

[3] In her Complaint, Smith seems to misidentify Zimmer US, Inc. as Zimmer Holdings, Inc. *See* Compl. ¶¶ 3, 4, D.E. 1. In any event, the distinction makes no difference as the Zimmer Defendants admit that Zimmer US, Inc. and Zimmer Biomet Holdings, Inc. are both incorporated in Delaware and have their principal place of business in Indiana. Additionally, Smith contends that Zimmer Surgical Products, Inc. is incorporated under the laws of Ohio, while the Zimmer Defendants contend that Zimmer Surgical Products, Inc. is incorporated under the laws of Delaware. *See id.* ¶ 5; Def. Br. at 2. Again, the distinction is immaterial to the Court's conclusion – neither are incorporated in New Jersey.

4

exercised. First, the defendant must have "purposefully directed [its] activities at the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks omitted). The first requirement of this test is also known as "purposeful availment," and seeks to ensure "that a defendant will not be haled into a jurisdiction solely as a result of 'random, fortuitous, or attenuated contacts" or based on the "unilateral activity of another party or third person." *Burger King*, 471 U.S. at 475 (internal quotation marks omitted) (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 417 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)). Second, the litigation must "arise out of or relate to at least one of those activities." *Id.* (internal quotation marks omitted). Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id.* (internal quotation marks omitted).

Here, Smith's Complaint does not sufficiently allege facts to support a finding that the Zimmer Defendants purposefully availed themselves of the New Jersey forum. Plaintiff, a New York resident, does not plead any facts suggesting that any of the relevant surgeries took place in New Jersey. Moreover, Smith does not allege that the Zimmer Defendants sold the Zimmer Component in or should have expected their component to be used in New Jersey. *See* Compl. ¶¶ 18-20, 24, 99. In fact, Smith's Complaint appears to suggest that the knee device was distributed in New York rather than New Jersey. *Id.* ¶ 99. Thus as pled, this Court cannot conclude that the Zimmer Defendants purposefully directed any activities to New Jersey with respect to the Zimmer Component. As a result, there is no basis for the Court to exercise personal jurisdiction over any of the Zimmer Defendants.

## IV. CONCLUSION

For the reasons set forth above, the Zimmer Defendants' motion to dismiss (D.E. 13) is **GRANTED**. The Complaint is **DISMISSED** as to the Zimmer Defendants without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint, which cures the deficiencies noted herein. If Plaintiff does not file an amended pleading, the dismissed claims will be dismissed with prejudice. If Plaintiff intends to file a suit against the Zimmer Defendants in another jurisdiction, she shall notify the Court in writing within the thirty-day period. An appropriate Order accompanies this Opinion.

Dated: January 29, 2020

John Michael Vazquez, U.S.D.J.